IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARREN WILSON,                         )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )    Case No. 18−cv–0147−JPG
                                       )
NATIONAL LEGAL PROFESSIONAL            )
ASSOCIATES,                            )
H. WESLEY ROBINSON,                    )
GLENDA CURRY,                          )
SHARI PRIGMORE                         )
                                       )
        Defendants.                    )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Darren Wilson, an inmate in Shawnee Correctional Center, brings this action alleging breach of contract. Plaintiff seeks $4,000 in damages plus costs. Because Plaintiff has not properly invoked this Court's jurisdiction, this matter will be dismissed without prejudice.

### The Complaint

Plaintiff's jurisdictional statement claims that he invokes the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. (Doc. 1, p. 1). Plaintiff also alleges that the Court has jurisdiction over his claims pursuant to 28 U.S.C. § 1367, which governs supplemental jurisdiction. *Id*. Finally, Plaintiff affirmatively states that there is diversity jurisdiction in this matter. *Id*.

Plaintiff alleges that he has been confined at Shawnee Correctional Center during all relevant time periods. (Doc. 1, p. 2). Defendants Robinson, Curry, and Prigmore are all employees of Defendant National Legal Professional Associates. *Id*. Plaintiff alleges that he

1

entered into a contract with Defendants to consult and conduct research on his behalf for use in various post-conviction challenges to his criminal conviction and sentence. (Doc. 1, pp. 2-3). In September 2016, Defendant Robinson released those materials to the Illinois Attorney General's Office without Plaintiff's express approval and authorization. *Id*. Plaintiff contends this action breached his agreement with National Legal Professional Associates. (Doc. 1, p. 4).

## Discussion

Plaintiff alleges that he is invoking federal question jurisdiction, 28 U.S.C. § 1331, but his Complaint does not allege that the Constitution or any other federal law has been violated, making § 1331 inapplicable to his case. A claim for breach of contract, as alleged here, arises under state law, not federal law. *Olson v. Bemis Co. Inc.*, 800 F.3d 296, 300 (7th Cir. 2015).

Plaintiff next cites to 28 U.S.C. § 1343, the jurisdictional counterpart of 42 U.S.C. § 1983. It is not properly invoked here because Plaintiff has not made claims pursuant to § 1983, made allegations of any civil rights violation generally, or named any state actors. *Kavouras v. Fernandez-Powers*, 928 F.2d 407 (table) (7th Cir. 1991); *Giancana v. Hoover*, 322 F.2d 789, 790 (7th Cir. 1963). Therefore, § 1343 does not confer jurisdiction on this matter.

That leaves 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. While Plaintiff has stated that he is bringing this case under the diversity statute, he has not adequately pleaded diversity jurisdiction, and the amount in controversy is too low to invoke § 1332. First, diversity jurisdiction requires that the parties be citizens of different states. § 1332. Plaintiff has not alleged citizenship as to any of the parties. Secondly, § 1332 requires that the amount in controversy exceed $75,000. Plaintiff has alleged that the amount in controversy is approximately $4,000. Even if Plaintiff had adequately alleged the citizenship of the parties, this lawsuit seeks to recover an amount of money that is too small to trigger federal jurisdiction.

Plaintiff also specifically references § 1367, but this invocation is likewise unavailing because § 1367 only confers jurisdiction in a matter where the court has original jurisdiction, i.e., only in a case where there is a federal claim.  As there is no claim that has triggered the Court's original jurisdiction in this matter, the Court cannot exercise supplemental jurisdiction over Plaintiff's state-law claim.

As the Court lacks jurisdiction over this matter, it shall be **DISMISSED without prejudice**.  Nothing in this Order shall prevent Plaintiff from pursuing this matter in state court, if he so chooses.

## Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for lack of jurisdiction.  This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).  *Haury v. Lemmon*, 656 F.3d 521, 522–23 (7th Cir. 2011)

 The Clerk of Court is **DIRECTED** to enter judgment and close the case.

**IT IS SO ORDERED.**

**DATED: April 18, 2018**

s/J. Phil Gilbert
**U.S. District Judge**
